**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Linda I. Shields, M.D., | ) | No.  CV-20-01966-PHX-SPL |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Provident Life and Accident Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff's Motion to Remand. (Doc. 14). For the following reasons, the Motion will be granted.

**I.    BACKGROUND**

In 1988, Defendant Provident Life and Accident Insurance Company provided Plaintiff Linda Shields with a disability insurance policy. (Doc. 1 at 13). According to the policy, if Plaintiff became "totally disabled" before "age" 60, she would be entitled to total disability benefits for the rest of her life. (Doc. 1 at 15). The policy defines "age" as the "ending date of the Policy term" in which the insured reaches that age. (Doc. 1 at 15). Plaintiff alleges she "is entitled to lifetime benefits because her total disability . . . occurred before Policy-age 60." (Doc. 1 at 15). (Doc. 14 at 2). However, Defendant asserts that "[b]ecause Plaintiff became totally disabled after the end date for the term during which she turned 60, the maximum benefit period was until policy age 65." (Doc. 1 at 2).

On September 9, 2020, Plaintiff filed a declaratory judgment action in Maricopa County Superior Court seeking five counts of declaratory relief, all of which concern her

entitlement to lifetime disability benefits. (Doc. 1 at 15-19). The Complaint does not seek damages. On October 9, 2020, Defendant removed the action to this Court based on diversity jurisdiction. (Doc. 1). Defendant claims that "[c]onsidering the value of the declaratory relief and attorneys' fees that Plaintiff seeks, the amount in controversy exceeds $75,000." (Doc. 1 at 4). Specifically, because Plaintiff alleges "she is entitled to receive monthly disability benefits in the amount of $10,435.00 for the rest of her life," and "also seeks attorneys' fees," more than $75,000 is at issue. (Doc. 1 at 4-6).

Plaintiff now seeks to remand the action to Superior Court. (Doc. 14). Plaintiff argues "Provident has not and cannot satisfy its burden of proving that the amount in controversy exceeds $75,000." (Doc. 13 at 2). Specifically, Plaintiff argues "future benefits under a disability insurance contract are not to be considered in determining the amount in controversy in diversity cases, absent allegations that challenge the validity of the policy itself, as opposed to the extent of benefits." (Doc. 14 at 4). Regarding attorneys' fees, Plaintiff argues Defendant "wholly fails to provide any evidence of the amount and/or method of calculation of attorney's fees." (Doc. 14 at 4).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1332(a), district courts have jurisdiction in diversity cases only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* "[I]t is long-established that in declaratory judgment actions about whether an insurance policy is in effect or has been terminated, the policy's face amount is the measure of the amount in controversy." *Elhouty v. Lincoln Benefit Life Co*., 886 F.3d 752, 756 (9th Cir. 2018). Additionally, "if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018). "Arizona law authorizes a discretionary award of attorneys' fees in contract actions." *Burk v. Medical Savings Insurance Co*., 348 F.Supp.2d 1063, 1068 (D. Ariz. 2004). "The defendant retains the burden, however, of proving the amount of future attorneys' fees by a preponderance of the evidence." *Fritsch*, 899 F.3d at 788.

### III.   ANALYSIS

"[W]hether future benefits may be included in the amount in controversy calculation is a doctrinally difficult question." *Albino v. Standard Ins. Co*., 349 F. Supp. 2d 1334, 1338–39 (C.D. Cal. 2004). Though it has discussed the issue in dicta, the Ninth Circuit has not directly ruled on whether potential future insurance benefits can be considered when calculating the amount in controversy. *See, e.g.*, *Commercial Cas. Ins. Co. v. Fowles*, 154 F.2d 884, 886 (9th Cir. 1946) (explaining that, because "no right to such 'future benefits' existed at the time the action was commenced," they could not be included in the amount in controversy). Jurisdictions that have considered the issue generally hold that whether potential future benefits can be included depends on whether the plaintiff's case (i) challenges to the *extent* of coverage, or (ii) challenges the *validity* of the entire policy. *See* Joseph Edwards, Annotation, *Determination of requisite amount in controversy in diversity Action in Federal District Court involving liability under, or validity of, disability insurance*, 11 A.L.R. Fed. 120, § 2[a] n.6 (2004) (noting the two categories as they relate to "the most difficult problem" of determining whether "an insurer's potential liability for future disability benefits . . . may be taken into account in determining whether the amount in controversy is sufficient") (internal quotations and citations omitted).

Here, there is no dispute about the validity of the insurance contract itself. Defendant concedes that it "has accepted Plaintiff's claim and is currently paying her total disability benefits" and that "there is no dispute as to whether Plaintiff is totally disabled and no current or past due benefits are sought in this lawsuit." (Doc. 15). Instead, in Defendant's own words, "the *sole issue* presented in this case is whether Plaintiff has the right to receive total disability benefits under the Policy beyond September 1, 2022 for the remainder of her lifetime." (Doc. 15) (emphasis added). This case straight-forwardly presents a challenge only to the extent of coverage, not the validity of the insurance contract generally. *See Shoemaker v. Sentry Life Ins. Co*., 484 F. Supp. 2d 1057, 1058 (D. Ariz. 2007) ("The dispute between the parties concerns whether Plaintiff is entitled to disability payments under his insurance policy for life or instead until he is seventy years old. . . . [T]he validity

of the insurance policy itself is not in dispute.").

In cases where only the extent of coverage is challenged, courts generally hold that future benefits cannot be considered when calculating the amount in controversy. *See* Edwards, 11 A.L.R. Fed. 120 at § 4 (explaining that "it has been generally held that future potential benefits may not be taken into consideration in the computation of the amount in controversy . . . where the controversy concerns merely the extent of the insurer's obligation and not the validity of the policy" and collecting cases); *see, e.g.*, *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996); *Keck v. Fid. & Cas. Co. of New York*, 359 F.2d 840, 841 (7th Cir. 1966); *Henderson v. Nat'l Fid. Life Ins. Co.*, 257 F.2d 917, 918 (10th Cir. 1958); *Travelers Ins. Co. v. Greenfield*, 154 F.2d 950, 952 (5th Cir. 1946).

In *Bank of Am. Grp. Benefits Program Fiduciary v. Riggs*, the Court found it to be "unsatisfying to rule that future benefits may only factor into the amount in controversy when the validity of an entire policy, as opposed to the validity of a mere provision in the policy, is at issue." No. CV06-02805-PHX-NVW, 2007 WL 1876589 (D. Ariz. June 28, 2007). Nonetheless, bound by precedent, the Court did so rule. The Court explained:

> The court nevertheless feels compelled to follow the considered dictum of the Ninth Circuit, which corresponds with the rule articulated in *Harmon*[, 88 F.3d at 416]. In *Budget Rent–a–Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997), it was explained that an insurer's maximum liability was 'relevant to determine the amount in controversy only if the validity of the entire insurance policy is at issue.' While *Higashiguchi* is factually distinguishable from the present case, the cited language suggests that future benefits should not be considered in calculating the amount in controversy in this case because the validity of only one provision in the Plan, rather than the Plan itself, is at issue.

*Id.* at *2; *see also Shoemaker*, 484 F. Supp. at 1058 ("It may be counterintuitive that a declaratory action about quantifiable benefits accruing entirely in the future has no amount in controversy, but it is an arcanum of federal jurisdiction that that is the case.").

Defendant does not attempt to distinguish the instant case from *Riggs* and the line of similar cases cited above. Instead, it argues that the 1947 US Supreme Court *Flowers*

4

case provides a contrary rule. *See Aetna Cas. & Sur. Co. v. Flowers*, 330 U.S. 464 (1947). Defendant misses the point of that case. As cited in Defendant's Response, the *Flowers* court held that "a possibility that payments will terminate before the total reaches the jurisdictional minimum is immaterial ___*if the right to all the payments is in issue*___." (Doc. 15 at 3) (emphasis in original) (citing *Flowers*, 330 U.S. at 468). This rule, in fact, comports directly with the rule articulated in the above-cited cases: *only* where the right to *all* of the payments (*i.e.*, the validity of the entire contract as a whole) is at issue can potential future benefits be considered when calculating the amount in controversy. *See Beaman v. Pacific Mut. Life Ins. Co.*, 369 F.2d 653, 656 (4th Cir. 1966) (rejecting reliance on *Flowers* to consider future benefits because, in *Flowers*, "the entire right to the benefits was in issue," whereas the case at bar presented only "a contest over payment of certain installment payments"). Potential future benefits cannot and will not be considered here.

Further, Plaintiff's request for attorneys' fees does not push the amount in controversy over the threshold. Although Plaintiff does seek attorneys' fees in her Complaint (Doc. 1 at 19), Defendant offers no evidence that Plaintiff's attorney's fees have reached or will reach $75,000.00 jurisdictional amount. *See Thomas v. Standard Ins. Co.*, No. CV-09-02121-PHX-JAT, 2010 WL 994507, at *3 (D. Ariz. Mar. 17, 2010) (declining to consider attorneys' fees when calculating amount in controversy because the fees claimed were "not supported by any calculable figures or estimations of billing time and rates for specific litigation tasks"). Without such evidence, attorneys' fees cannot be considered in calculating the amount in controversy. *See Burk*, 348 F. Supp. 2d at 1068.

## IV.    CONCLUSION

Because Plaintiff seeks only declaratory relief and no damages, and because neither her claim for attorneys' fees nor her potential future benefits under the insurance policy will be considered when calculating the amount in controversy, the Court lacks subject matter jurisdiction. Accordingly,

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    **IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 14) is **granted**.

    **IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to the Maricopa County Superior Court and terminate this case.

    Dated this 19th day of November, 2020.

Honorable Steven P. Logan
United States District Judge